

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   AUG   8 2019

WILLIAM W. BLEVINS
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | **MISC. NO. 19-12057** |
| **NONJUDICIAL CIVIL FORFEITURE** | | |
| **PROCEEDING** | * | **SECTION: "T"** |

\*       \*       \*       \*       \*       \*       \*

## CONSENT MOTION TO EXTEND TIME TO INITIATE
## JUDICIAL FORFEITURE AND INCORPORATED MEMORANDUM IN SUPPORT

**NOW INTO COURT** comes the United States of America, through the undersigned

Assistant United States Attorney, to move for an extension of the deadline by which the United

States is required to initiate judicial forfeiture of certain seized assets described below for a period

of ninety days, by agreement of the parties pursuant to 18 U.S.C. § 983(a)(3)(A). Counsel for the

claimants in the related administrative forfeiture proceeding has stated to the undersigned that all

claimants consent and agree to the government's request.

On February 6 and 7, 2018, the Jefferson Parish Sheriff's Office in coordination with the

U.S. Secret Service conducted searches of a residence and safe deposit boxes in Metairie,

Louisiana, in connection with a corporate embezzlement investigation and seized over 200 items

of value, including jewelry, vehicles, currency, and gift cards, pursuant to state warrants and under

the authority of 18 U.S.C. § 981. U.S. Secret Service initiated an administrative forfeiture

proceeding against the assets and, on May 10, 2019, received claims for over 100 of the seized

assets from the following six persons: Lata Jagtiani, Sonia Jagtiani, Gina Jagtiani, Pooja Lalwani,

Fee____
_X_ Process____
_X_ Dktd____
____ CtRmDep____
____ Doc. No.____

Madhu Lalwani, and Aarti Lalwani (hereinafter referred to collectively as "claimants").  Claimants

are all represented in the administrative proceeding by attorney Samantha Griffin.  No other claims

have been received by the U.S. Secret Service, and the statutory period during which claims could

be filed has closed.

18 U.S.C. § 983(a)(3) provides as follows in pertinent part (**emphasis** added):

(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that **a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.**

(B) If the Government does not –

(i)     file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

(ii)    before the time for filing a complaint has expired –

(I)     obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

(II)    take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

(C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment.  If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

Under the provisions of 18 U.S.C. § 983(a)(3), the government's deadline to initiate a

judicial forfeiture action by way of civil complaint or criminal indictment in this matter is

August 8, 2019, 90 days following the receipt of the claims by U.S. Secret Service on May 10,

2019.  In the interest of allowing additional time to attempt to resolve the related criminal matter,

and considering the large quantity of seized assets at issue in the administrative forfeiture proceeding, the government requests a 90-day extention of this deadline, until November 6, 2019, for good cause shown.   Additionally, undersigned counsel for the government has contacted claimant's counsel, Samantha Griffin, who has advised that all claimants consent and agree to the government's request for an extension of time.

**WHEREFORE,** for good cause shown and by agreement of the parties, the United States respectfully requests that the Court order an extension of the deadline by which the government is required to initiate a judicial forfeiture proceeding against the above-described property to November 6, 2019.

New Orleans, Louisiana, this 8th day of August, 2019.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY

MICHAEL B. REDMANN (La. 31929)
Assistant United States Attorney
U.S. Attorney's Office
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3065
Email: michael.redmann@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2019, I sent a copy of the foregoing to Samantha Griffin by electronic mail at the following address of record in the administrative forfeiture proceeding: sgriffin@stonepigman.com.

MICHAEL B. REDMANN (La. 31929)
Assistant United States Attorney